[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12862
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-00059-MP-EMT

JOSEPH EMIL KLUG,

                                                    Plaintiff-Appellant,

versus

R RIVERA,
PSY D Somp Coordinator,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 9, 2017)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Joseph Emil Klug appeals *pro se* the *sua sponte* dismissal of his complaint. *See* 42 U.S.C. § 1983. The district court dismissed Klug's complaint for failure to exhaust administrative remedies. *Id.* § 1997e. We affirm.

The district court did not err by *sua sponte* dismissing Klug's complaint that the Inmate Handbook for the Sex Offender Management Program contains overbroad and vague prohibitions of certain materials. Under the Prisoner Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or correctional facility until such administrative remedies as are available are exhausted." *Id.* § 1997e(a). The Bureau of Prisons provides an administrative process to remedy prisoner complaints, and Klug alleged that he had failed to exhaust that administrative process before filing his complaint. The district court was required to dismiss Klug's complaint, "even if the relief offered by that program d[id] not appear to be 'plain, speedy, and effective." *See Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998). Because the dismissal was without prejudice, Klug may refile his complaint. And the district court did not abuse its discretion when it denied Klug's request for injunctive relief, which is available "only if the moving party [can] show[] that . . . [he] has a substantial likelihood of success on the merits." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

We **AFFIRM** the dismissal of Klug's complaint without prejudice.

2